CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ALEJANDRO CRUZ,                                    :      Case No. 17-CV-3104
                                                   :
                          Plaintiff,               :
                                                   :      **COMPLAINT**
          -against-                                :
                                                   :
LENNY'S PIZZERIA INC., CARMELA LONGOBARDI, :      **Jury Trial**
GENNARO LUCCI, and NICOLA ALVERGA,                 :      **Demanded**
                                                   :
                          Defendants.              :
---------------------------------------------------------------------X

Plaintiff, ALEJANDRO CRUZ (hereinafter, "Plaintiff"), by and through his

undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants

LENNY'S PIZZERIA INC. ("LENNY'S"), CARMELA LONGOBARDI, GENNARO

LUCCI, and NICOLA ALVERGA (the "Individual Defendants") (LENNY'S and the

Individual Defendants are collectively referred to as the "Defendants") and states as

follows:

### INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as

amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from the

Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c)

liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day he worked in excess of ten (10) hours, (d) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of Kings County, New York.

6.      Defendant, LENNY'S, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 594 5th Avenue, Brooklyn, New York 11215.

7.      Defendants CARMELA LONGOBARDI and GENNARO LUCCI are joint owners, shareholders, directors, supervisors, managing agents, and proprietors of LENNY'S, who actively participate in the day-to-day operations of LENNY'S and acted

intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with LENNY'S.

8. Defendant, NICOLA ALVERGA, is the General Manager of LENNY'S, who actively participates in the day-to-day operations of LENNY'S and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with LENNY'S.

9. The Individual Defendants jointly exercise control over the terms and conditions of their employees' employment, in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

10. The Individual Defendants are present on the premises of LENNY'S on a daily basis, actively supervise the work of the employees, and mandate that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by them.

11. Upon information and belief, at least during each of the most recent three (3) years relevant to the allegations herein, LENNY'S, is and has been an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that

handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

12.     Defendants have continuously employed Plaintiff to work as a non-exempt dishwasher, kitchen helper/food preparer, and cook for Defendants' pizzeria and restaurant from in or about August 1991 through the present.

13.     The work performed by Plaintiff is directly essential to the business operated by Defendants.

14.     Defendants have knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

15.     Defendants have knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

16.     Defendants have knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

17.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

18.     Defendants CARMELA LONGOBARDI and GENNARO LUCCI hire employees to work as managers and/or supervisors to participate in the day-to-day operation of LENNY'S.

19.     Defendants CARMELA LONGOBARDI and GENNARO LUCCI hired defendant, NICOLA ALVERGA, to work as the General Manager and supervisor of LENNY'S, and was one of Plaintiff's direct supervisors. Through authority granted to him by Ms. Longobardi and Mr. Lucci, defendant NICOLA ALVERGA, is primarily in charge of running the day to day operation of LENNY'S, including, but not limited to hiring and firing employees, setting employee work schedules, and setting employee rates of pay.

20.     However, defendants CARMELA LONGOBARDI and GENNARO LUCCI themselves also actively participate in the day-to-day operation of LENNY'S. For instance, Ms. Longobardi and Mr. Lucci personally supervise and direct the work of the employees, including the manager(s) who also directly supervise the employees, instruct the employees how to perform their jobs, and correct and/or reprimand the employees for any errors made.

21.     Although defendants CARMELA LONGOBARDI and GENNARO LUCCI provide managers and supervisors with some authority to effectively run the day-to-day operations of the restaurant, including the hiring and firing of employees, Ms. Longobardi and Mr. Lucci create, implement, and approve all business policies and make all crucial business decisions, including issues concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

22.     In or about August 1991, Defendants hired Plaintiff to work as a non-exempt dishwasher, food preparer/kitchen helper, and cook for Defendants' pizzeria and restaurant known as Lenny's Pizzeria, located at 594 5th Avenue, Brooklyn, New York.

23.     Defendants have continuously employed Plaintiff in those capacities through the present time.

24.     Plaintiff works over forty (40) hours per week.

25.     From the beginning of the relevant six (6) year limitations period beginning in May 2011 and continuing through in or about December 2016, Plaintiff worked six (6) days per week, and his work schedule consisted of twelve (12) hours per day from 2:00 p.m. until 2:00 a.m.

26.     During this period, Plaintiff was not paid proper minimum wages and overtime compensation.  During this period, Plaintiff was paid, in cash, at the rate of $550 per week straight time for all hours worked, and worked seventy-two (72) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

27.     Beginning in or about January 2017 and continuing through the present time, Plaintiff works six (6) days per week, and his work schedule consists of thirteen (13) hours per day on Monday, Tuesday, Wednesday, and Sunday from 1:00 p.m. until 2:00 a.m.; and twelve (12) hours per day on Friday and Saturday from 2:00 p.m. until 2:00 a.m.

28.     During this period, Plaintiff is not being paid proper minimum wages and overtime compensation.  During this period, Plaintiff is paid, in cash, at the rate of $550 per week straight time for all hours worked, and works seventy-six (76) hours per week. Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half as required by state and federal law.

29.    Upon paying Plaintiff his cash wages each week, Defendants do not provide Plaintiff with a written wage statement setting forth, among other things, Plaintiff's gross wages, any deductions from Plaintiff's gross wages, and Plaintiff's net wages.

30.    Since 2011, Defendants have failed to provide Plaintiff with a wage notice setting forth, among other things, his regular hourly rate of pay and corresponding regular overtime rate of pay.

31.    Defendants knowingly and willfully operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff.

32.    Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

33.    Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff a "spread of hours" premium for each day that he works a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

34.    At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient wage and hour records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

35.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "34" of this Complaint as if fully set forth herein.

36.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37.     At all relevant times, Defendants have employed Plaintiff within the meaning of the FLSA.

38.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, LENNY'S has had annual gross revenues in excess of $500,000.

39.     Plaintiff has worked hours for which he was and is not being paid the statutory minimum wage.

40.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for hours worked.

41.     Defendants have failed to pay Plaintiff minimum wages in the lawful amount for hours worked.

42.     Plaintiff is entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

43.     Defendants have failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

44.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

45.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff.

46.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

47.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

48.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

49.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

50.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

51.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52.     Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

53.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him minimum wages in the lawful amount for hours worked.

54.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the statutory rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

55.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  New York State Department of Labor Regulations § 146-1.6.

56.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay a "spread of hours" premium to Plaintiff for each day he worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

57.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

58.     Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

59.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

60.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

61.     Since 2011, Defendants have failed to notify Plaintiff in writing of his regular rate of pay, corresponding overtime rate of pay, and his regularly designated payday, in contravention of New York Labor Law § 195(1).

62.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, overtime compensation, and unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

63.     Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, ALEJANDRO CRUZ, respectfully requests that this Court grant the following relief:

(a)    An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)    An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)    An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)    An award of liquidated damages as a result of Defendants' failure to pay minimum wags, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)    An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(g)    An award of prejudgment and post-judgment interest;

(h)    An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i)    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
      May 23, 2017

                    Respectfully submitted,

                    CILENTI & COOPER, PLLC
                    *Attorneys for Plaintiff*
                    708 Third Avenue – 6th Floor
                    New York, NY 10017
                    T. (212) 209-3933
                    F. (212) 209-7102

By: _____
                    Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Alejandro Cruz__, am an employee currently or formerly employed by __Lenny's Pizzeria__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__5/10__, 2017